IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| COVERTECH FABRICATING, INC., | ) | |
|---|---|---|
| | ) | CIVIL ACTION NO. 3:13-150 |
| Plaintiff, | ) | |
| | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| | ) | |
| TVM BUILDING PRODUCTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

<u>ORDER</u>

This matter comes before the Court on two motions filed by Defendant TVM Building Products, Inc. (ECF Nos. 43 and 60).[1] TVM has filed a motion to modify the Order of Court dated December 17, 2013, and a motion for leave to file a second amended counterclaim or, in the alternative, to file an untimely response to the motion to dismiss filed by Plaintiff Covertech Fabricating, Inc. Both motions will be addressed in turn.

I.

On December 17, 2013, the Court entered an Order (ECF No. 41) granting TVM's unopposed motion for leave to file an amended counterclaim. The amended counterclaim was deemed filed as of December 17, 2013—the date of the Order. On January 3, 2014, TVM filed a motion to modify the Order of Court, asking the Court to deem TVM's amended counterclaim filed as of November 15, 2013—the date on which TVM sought to file its amended counterclaim. In Count IV of the amended counterclaim, TVM asserts a claim of fraud against Covertech. TVM allegedly discovered the fraud on November 17,

---

[1] The docket also reflects a pending motion to dismiss at ECF No. 53. The Court will address this motion in a forthcoming written decision.

2011. (ECF No. 43 ¶ 7). Because the applicable statute of limitations is two years, TVM asserts that it must have filed this claim on or before November 17, 2013.

In its response to the motion to modify the Order of Court, Covertech states that it "takes no position" on the motion. (ECF No. 52). According to Covertech, the statute of limitations had run years ago, and thus the claim is time barred regardless of whether the amended counterclaim is deemed filed as of November 15, 2013. Given that Covertech does not oppose the motion, it will be granted to the extent that TVM's amended counterclaim will now be deemed filed as of November 15, 2013.

II.

TVM also seeks leave to file a second amended counterclaim or, in the alternative, to file an untimely response to Covertech's motion to dismiss Count IV of TVM's amended counterclaim.[2] On February 20, 2014, TVM filed a second amended counterclaim against Covertech but never obtained court approval or written consent from opposing counsel. On March 18, 2014, TVM also filed an untimely response to Covertech's partial motion to dismiss. The Court struck both of these filings from the record because the counterclaim failed to comply with Fed. R. Civ. P. 15(a)(2) and the response to the partial motion to dismiss was untimely under this Court's practices and procedures. (*See* ECF No. 59). The Court instructed TVM that it could refile these documents "only after complying with the applicable rules of civil procedure and only upon a showing of good cause." (*Id.*).

---

[2] For the sake of brevity, Covertech's motion to dismiss Count IV of TVM's amended counterclaim (ECF No. 53) will be referred to as the "partial motion to dismiss."

2

The Federal Rules of Civil Procedure instruct that leave to amend should freely be given when justice so requires. Fed. R. Civ. P. 15(a)(2). Nevertheless, the decision to grant leave rests within the sound discretion of the trial court. *Arab African Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993). The Supreme Court has given the following guidance to lower courts in interpreting the legal standard under Rule 15(a):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of . . . undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

*Foman v. Davis*, 371 U.S. 178, 182 (1962). Along these lines, the Third Circuit has held that the "touchstone" for the denial of the leave to amend is the "potential for undue prejudice [to the non-moving party]." *Coventry v. U.S. Steel Corp.*, 856 F.2d 514, 519 (3d Cir. 1988) (internal quotations and citations omitted).

Federal Rule of Civil Procedure 16 is also implicated when, as in this case, the deadline for seeking leave to amend the pleadings has passed under the court's Rule 16 scheduling order. *Kennedy v. City of Newark*, 10-CV-1405 CCC-JAD, 2011 WL 2669601, at *2 (D.N.J. July 7, 2011). Rule 16(b)(4) states that "[a] schedule may be modified only for good cause and with the judge's consent." Before evaluating a proposed amendment under Rule 15(a), therefore, the court must evaluate whether the party seeking leave has shown "good cause" to modify the scheduling order. *Kennedy*, 2011 WL 2669601 at *2. "In contrast to Rule 15(a), the good cause standard under Rule 16(b) hinges on diligence of

3

the movant, and not on prejudice to the non-moving party." *Roquette Freres v. SPI Pharma, Inc.*, C.A. No. 06–540–GMS, 2009 WL 1444835, at *4 (D. Del. May 21, 2009).

TVM improperly filed its second amended counterclaim on February 20, 2014, approximately three months after the deadline to amend the pleadings set forth in the Court's Rule 16 Scheduling Order. TVM has not explained why it ignored the rules of procedure in filing its second amended counterclaim, nor has TVM justified its untimely response to Covertech's partial motion to dismiss. Even further, TVM acknowledges that it has known about the potential fraud claim since November 2011, and TVM offers no reason why it could not have amended its pleading within the requisite deadline. *See, e.g., Kennedy v. City of Newark*, 10-CV-1405 CCC-JAD, 2011 WL 2669601, at *2 (D.N.J. July 7, 2011) ("[T]he most common basis for finding a lack of good cause is the party's knowledge of the potential claim before the deadline to amend has passed."). For these reasons, TVM has failed to show good cause under Rule 16, and the motion to amend will be denied.

Even if TVM could show good cause under Rule 16, the amendment would still be disallowed under Rule 15 because of the undue prejudice to Covertech. Prejudice may result where the amendment would require the re-opening of discovery, delay resolution of the case, or unnecessarily increase the cost of litigation. *See Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). TVM has already filed an amended counterclaim, and it has had ample opportunity to plead its fraud allegations properly and completely. Covertech has now invested significant time and expense in filing a partial motion to dismiss. To permit TVM to file a second amended counterclaim would

4

unnecessarily delay this litigation and would result in needless additional costs to Covertech in having to file yet another responsive pleading or motion in this case.

As a final matter, TVM alternatively seeks leave to file an untimely response to Covertech's partial motion to dismiss. Granting leave is appropriate because a responsive brief will aid the Court in determining the merits of the motion. In addition, permitting the filing of this untimely response—which is attached to TVM's motion for leave— will not result in any further delay in this litigation or additional costs to Covertech.

III.

Now, therefore, this 27th day of May 2014, it is **HEREBY ORDERED** that

1. TVM's motion to modify the Order of Court dated December 17, 2013, is **GRANTED**. TVM's amended counterclaim (ECF No. 35) is deemed filed as of November 15, 2013.

2. TVM's motion for leave to file a second amended counterclaim or, in the alternative, to file an untimely response to Covertech's partial motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**.

    a. TVM's request to file a second amended counterclaim is denied.

    b. TVM's request to file an untimely response to Covertech's partial motion to dismiss is granted. TVM's response (ECF No. 60-2) is now deemed filed.

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE