IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| COVERTECH FABRICATING, INC., | ) | |
|---|---|---|
| | ) | CIVIL ACTION NO. 3:13-150 |
| Plaintiff, | ) | |
| | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| | ) | |
| TVM BUILDING PRODUCTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER OF COURT

### I. SYNOPSIS

This matter comes before the Court on Plaintiff Covertech Fabricating, Inc.'s Motion for Attorneys' Fees and Expenses. ECF No. 111. Defendant, TVM Building Products, Inc., opposes the motion. ECF No. 122. Plaintiff Covertech Fabricating, Inc. filed a Reply in Support of its Motion for Attorneys' Fees and Expenses. ECF No. 131. For the reasons that follow, the Court **GRANTS** Plaintiff Covertech Fabricating, Inc.'s Motion for Attorneys' Fees and Expenses.

### II. JURISDICTION AND VENUE

The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332(a)(2) and (c)(1) because the parties are of diverse citizenship and the amount in controversy exceeds $75,000, excluding interest and costs. ECF No. 1 at 5. The Court also has subject matter jurisdiction over the claims pursuant to 28 U.S.C. §§ 1331, 1338(b), and 15 U.S.C. § 1121, because this action involves claims for infringement of a

1

federally-registered trademark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114; for federal unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. 1125(a); and for dilution of a federally-registered trademark in violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c). The Court also exercises supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because they form part of the same "case or controversy" under Article III of the United States Constitution.

Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1), because TVM is subject to personal jurisdiction here under 28 U.S.C. § 1391(b)(2), and because a substantial part of the events or omissions giving rise to the claims arose in the Western District of Pennsylvania.

### III. BACKGROUND[1]

The Court held a bench trial from October 20, 2014, through October 24, 2014. After the parties filed proposed findings of fact and conclusions of law, and responses thereto, the Court issued a Memorandum Opinion and Order ("**Opinion**") on August 15, 2015. ECF No. 104. In the Opinion, the Court held that Defendant TVM Products (i) willfully infringed Plaintiff Covertech Fabricating's rFOIL and CONCRETE BARRIER trademarks and engaged in unfair competition by improperly using Covertech's ULTRA CONCRETE UNDERPAD, CONCRETE UNDERPAD, and ULTRA NT

---
[1] The Court detailed the factual and procedural background of this case in its Memorandum and Order dated August 14, 2015. ECF. No. 104. Because familiarity with that Memorandum and Order is presumed, this section is limited to the facts relevant to the disposition of the instant motion.

RADIANT BARRIER marks, (ii) committed fraud on the United States Patent and Trademark Office ("**PTO**") by making materially false statements in connection with its registration of the ULTRA NT RADIANT BARRIER mark, and (iii) breached its contract with Covertech for failing to pay invoices. *Id.* Further, the Court held in favor of Covertech on each of TVM's counterclaims for declaratory judgment, breach of contract, unjust enrichment, misappropriation, fraudulent concealment, trademark infringement, and fraud on the PTO. *Id.*

Covertech filed this motion for Attorney Fees and Expenses on September 4, 2015. ECF No. 111. TVM filed its opposition to the instant motion on October 2, 2015. ECF No. 122. Covertech filed a reply brief in support of its motion for Attorney Fees and Expenses on October 9, 2015. ECF No. 131.

While this motion was pending, TVM filed a motion for Amended and Additional Findings Pursuant to FRCP 52(b), For Altered and Amended Judgment Pursuant to FRCP 59(c) and For New Trial Pursuant to FRCP 59(a), which the Court denied on November 4, 2015. ECF Nos. 116 and 139.

For the reasons stated below, the Court will grant Covertech's Motion for Attorneys' Fees and Expenses.

### IV. LEGAL STANDARD

To award attorneys' fees in a trademark infringement case, the Court must determine (i) whether the case was "exceptional" such that attorneys' fees are

3

warranted, and (ii) if the case was exceptional, whether the prevailing party's proposed fees and expenses are reasonable.

Section 35(a) of the Lanham Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). In the Third Circuit, to determine whether a case is "exceptional," the court considers whether the losing party engaged in "culpable conduct." *Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 280 (3d Cir. 2000). A finding of culpable conduct depends on the circumstances of a particular case but some examples of culpable conduct include "bad faith, fraud, malice, or knowing infringement." *See Acumed LLC v. Advanced Surgical Services, Inc.*, 561 F.3d 199, 230 (3d Cir. 2009) (citing *Securacomm*, 224 F.3d at 280) (internal quotations omitted). Within the Third Circuit, "[w]illful infringement qualifies as an 'exceptional case'" within the meaning of the Lanham Act's fee provision. *See Coach, Inc. v. Cosmetic House*, 2011 U.S. Dist. LEXIS 32924 (D.N.J. May 17, 2011) (citing *Securacomm*, 224 F.3d at 279-83).

If the District Court makes a finding of culpable conduct on the part of the losing party, it may then award "reasonable" attorneys' fees. *U.S. Olympic Committee v. Tobyhanna Camp Corp.*, 2010 WL 4617429, at *7 (M.D. Pa. Nov. 4, 2010). The starting point for calculating the amount of a reasonable fee is the lodestar, which is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). To meet its burden of proving

4

that its request for attorneys' fees is reasonable, the fee petitioner must submit evidence supporting the hours worked and the rates claimed. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990) (citing *Hensley*, 461 U.S. at 433) (internal quotations omitted).

In determining whether the number of hours expended were reasonable, the court must "review the time charged, determine whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are excessive, redundant, or otherwise unnecessary." *U.S. Olympic Committee*, 2010 WL 4617429 at *7 (internal quotations omitted). "A fee petition must be specific enough to allow the district court to determine if the hours claimed are unreasonable for the work performed." *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 181 (3d Cir. 2001) (internal quotations omitted).

The prevailing market rate in the relevant community is a reasonable hourly rate. *US Olympic Committee*, 2010 WL 4617429 at *7 (citing *Loughner*, 260 F.3d at 180). The Court should "assess the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Loughner*, 260 F.3d at 180 (internal quotations omitted). The prevailing party bears the burden of producing evidence sufficient to prove that the requested hourly rate meets this standard. *Id.* (citing *Washington v. Philadelphia Cty. Ct. of Common Pleas*, 89 F.3d 1031, 1035 (3d Cir. 1996)). "The starting point in determining a reasonable hourly rate is the attorneys'

5

usual billing rate, but this is not dispositive." *Pub. Interest Research Group of New Jersey, Inc. v. Windall*, 51 F.3d 1179, 1185 (3d Cir. 1995).

Once the prevailing party meets its burden of producing such evidence, "[t]he lodestar is strongly presumed to yield a reasonable fee." *Washington*, 51 F.3d at 1185. If the opposing party challenges the fee award, it must do so "with sufficient specificity to the fee request." *Interfaith Community Organization v. Honeywell Intern., Inc.*, 426 F.3d 694, 703 n. 5 (3d Cir. 2005) (citing *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990) (internal quotations omitted)).

## V. DISCUSSION

### a. Prevailing party

There is no dispute as to whether Covertech was the "prevailing party" within the meaning of the Lanham Act's fee provision. *See* 15 U.S.C. § 1117(a). As Covertech states in its motion, "it succeeded on each of its asserted claims and succeeded in defeating each of TVM's counterclaims." ECF No. 111-2 at 4. TVM does not contest this point. *See* ECF No. 122. The Court thus concludes that Covertech is the "prevailing party" within the meaning of the statute.

### b. Exceptional case

Covertech argues that "[t]his Court has already held that this case is 'exceptional' due to the 'manner in which TVM benefitted from the reputation of Covertech's marks in the marketplace in order to promote its own mark.'" ECF No. 111-2 at 4 (citing Op.,

6

2015 WL 4878505, at *47). Covertech also notes that the "Court held that TVM defrauded the PTO and was a willful trademark infringer which intentionally used Covertech's Marks for its benefit to the detriment of Covertech." *Id.*

In opposition, TVM acknowledges that the Court determined that this case was exceptional "in that TVM willfully infringed upon the marks of Covertech." ECF No. 122 at ¶ 3. TVM asserts that its Motion for Amended and Additional Findings Pursuant to FRCP 52(b), for Altered and Amended Judgment Pursuant to FRCP 59(e) and for New Trial Pursuant to FRCP 59(e) and the supporting brief, both of which it incorporates into its Opposition by reference, provide support for a finding that "any infringement was deminimis, unintentional and [that] TVM did not in any way benefit from Covertech's reputation in the marketplace." *Id.* at ¶¶ 4-5. As a result, TVM argues, the Court should find that this case was not exceptional and that Covertech is therefore not entitled to an award of attorneys' fees and expenses. *Id.* at ¶ 6.

The Court found that "the manner in which TVM benefited from the reputation of Covertech's marks in the marketplace in order to promote its own mark makes this case stand out from others," and noted that this case is of an "exceptional nature." ECF No. 104 at 92. The Court noted at several points in the Opinion that it found TVM's infringement to be willful. *See* ECF No. 104 at 43, 54, 61, 90-91. The Court denied TVM's motion to amend these findings by its Memorandum Opinion and Order of Court filed November 4, 2015. ECF No. 139. The Court thus concludes that this case is

7

"exceptional" within the meaning of the Lanham Act's fee provision because TVM engaged in knowing and willful infringement. *See Coach*, 2011 U.S. Dist. LEXIS 32924 (citing *Securacomm*, 224 F.3d at 279-83).

### c. Reasonableness of fees and expenses

Covertech seeks to recover a total of $738,848 for the time and expenses incurred in this matter. ECF No. 113 at 5. Excluded from this amount is approximately $77,420, which Covertech states "represents the fees and expenses that were attributable solely to state law non-intellectual property claims and counterclaims, for which Covertech is not seeking to recover fees." ECF Nos. 108 at 5, 111-3 at ¶ 17. Also excluded from this number is a 10% deduction from the revised fees and expenses to account for the fact that "a small number of the remaining billing entries (such as those for trial preparation and trial) reflect time spent on both the trademark infringement and unfair competition claims and unrelated state law claims." *Id*. Covertech thus requests 82% of the total fees and expenses that it incurred in this matter. Covertech argues that this request "is supported by appropriate time records that are reasonable in light of the work required to successfully litigate this complicated and fact-intensive action." *Id*.

TVM does not contest the reasonableness of Covertech's request for fees and expenses. *See* ECF No. 122.

### i. Reasonableness of number of hours

Covertech asserts that the number of hours expended by its counsel was reasonable. ECF No. 108 at 6. Covertech submitted evidence to support this assertion. Covertech submitted the Declaration of its lead counsel in the instant matter, Brian W. Shaffer (the "**Shaffer Declaration**"), which explains that at Morgan, Lewis & Bockius ("**Morgan Lewis**"), "each timekeeper is required to enter [his or her] time and a description of [his or her] work contemporaneously for each day worked." ECF No. 111-3 at ¶ 4. The Shaffer Declaration also sets forth the manner in which these hours were recorded, reviewed, and approved before being sent to the client with an invoice. *Id.* at ¶¶ 4-5. Covertech submitted copies of invoices and a pro forma invoice from Morgan Lewis to Covertech reflecting "a detailed description of the work, giving the date, the time expended, attorney initials, and task for each work entry in chronological order." *See* ECF Nos. 111-3 at ¶¶ 14-15, 113-1, 113-2, 113-3, 113-4. Covertech redacted and removed from the invoice entries for which it does not seek to recover fees and new totals were added to reflect the amended amount Covertech seeks to recover. *See id.* In total, Covertech excluded $77,420, which represents "fees and expenses that were attributable solely to state law non-intellectual property claims and counterclaims, and for which Covertech is not seeking to recover under the Lanham Act." ECF No. 111-3 at ¶ 17. Covertech also deducted an additional 10% from the amended total to reflect time

from the remaining billing entries that was spent on both the trademark infringement and unfair competition claims, as well as on the unrelated state law claims. *Id.*

The Court finds that Covertech has submitted evidence with sufficient specificity to prove that the hours expended by its counsel were reasonable. The Court has reviewed the time entries in the invoices and pro forma invoice submitted by Covertech and finds that the hours expended were reasonable given the nature of the work performed and subject matter of this litigation. *See Loughner,* 260 F.3d at 181. The Court finds further that Covertech appropriately excluded excessive time spent on state law and non-intellectual property claims for which it does not seek to recover fees under the Lanham Act. *See U.S. Olympic Committee,* 2010 WL 4617429 at *7.

Covertech has thus established its prima facie case that the hours its counsel expended were reasonable. TVM does not contest the hours expended by Covertech's counsel. *See* ECF No. 122. The Court therefore makes no adjustment to the number of hours expended by Covertech's counsel and for which Covertech seeks to recover fees.

### ii. Reasonableness of hourly rates

Covertech submitted evidence to demonstrate that the rates included in this fee request are similar to the rates charged by comparable firms in the Western District of Pennsylvania and by attorneys of similar experience. The Shaffer Declaration notes that Morgan Lewis is an international law firm with nearly 2,000 attorneys. ECF No. 111-3 at ¶ 3. Covertech states further that Morgan Lewis's Litigation and Intellectual Property

10

Practice Groups have significant experience in litigating intellectual property and Lanham Act cases nationwide. *Id.* Covertech submits that the attorneys working on this case had experience in litigating "complex commercial and intellectual property actions," and provided their biographies to support this assertion. *See* ECF Nos. 108-2, 111-3 at ¶¶ 6-7. Covertech also provided support for the assertion that the hourly rates it requests are similar to those charged by comparable law firms in the Western District of Pennsylvania. ECF Nos. 108 at 9, 108-6, 111-3 at ¶ 10.

The Court finds that Covertech has submitted evidence sufficient to prove that the hourly rates it paid were reasonable. The Court notes that Morgan Lewis is a large, international law firm, and that the attorneys involved in this case have expertise in the relevant subject matter. The Court finds, based on the evidence that Covertech submitted in support of its motion, that the rates it paid for legal services are commensurate with the skill and expertise required given the complex and fact-intensive nature of this case. The Court finds further that these rates are comparable to the prevailing rates in the Western District of Pennsylvania for attorneys of "reasonably comparable skill, expertise, and reputation." *See Loughner*, 260 F.3d at 180.

Covertech has thus established its prima facie case that the hourly rates it paid were reasonable. TVM does not contest these hourly rates. *See* ECF No. 122. The Court therefore makes no adjustment to the hourly rates that Covertech requests in its motion for attorneys' fees and expenses.

### iii. Reasonableness of expenses

In addition to attorneys' fees, Covertech seeks to recover expenses incurred by Morgan Lewis in defending this matter in the amount of $32,779. These expenses include: "legal research performed through Westlaw and LexisNexis search engines; duplicating and word processing performed by Morgan Lewis support staff[;] hosting of discovery documents on an online platform; travel, and related expenses; postage and courier fees; long distance telephone fees[;] and filing fees." ECF No 111-3 at ¶ 16. These expenses are outlined in the Shaffer Declaration and are reflected in the invoices and pro forma invoice that Covertech submitted in connection with the instant motion. *See* ECF Nos. 111-3 at ¶ 16, 113-1, 113-2, 113-3, 113-4.

The Court finds that Covertech has submitted evidence sufficient to prove that the expenses for which it paid were reasonable in light of the subject matter and complexity of this litigation. TVM does not contest these expenses. *See* ECF No. 122. The Court therefore makes no adjustment to the expenses Covertech requests in the instant motion.

## VI. CONCLUSION

For the reasons stated above, the Plaintiff Covertech Fabricating, Inc.'s Motion for Attorneys' Fees and Expenses (ECF No. 111) is granted.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COVERTECH FABRICATING, INC., | ) | |
| | ) | CIVIL ACTION NO. 3:13-150 |
| Plaintiff, | ) | |
| | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| | ) | |
| TVM BUILDING PRODUCTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

AND NOW, this 18th day of November, 2015, the Court having considered Plaintiff Covertech Fabricating, Inc.'s Motion for Attorneys' Fees and Expenses (ECF No. 111), and the Court having found that Covertech is entitled to recover the fees and expenses it seeks, **IT IS HEREBY ORDERED** that Plaintiff's request for relief is **GRANTED**. The Court orders TVM Building Products, Inc. to pay attorneys' fees to Covertech Fabricating, Inc. in the amount of $706,069 and expenses in the amount of $32,779. The Judgment in this matter will be entered accordingly.

BY THE COURT:

/s/ Kim R. Gibson

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE