IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| COVERTECH FABRICATING, INC., | ) | |
|---|---|---|
| | ) | CIVIL ACTION NO. 3:13-150 |
| Plaintiff, | ) | |
| | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| | ) | |
| TVM BUILDING PRODUCTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER OF COURT

### I. SYNOPSIS

This matter comes before the Court on Defendant TVM Building Products, Inc.'s Motion for Stay of Execution Pursuant to FRCP 62(b) and Waiver of Bond. ECF No. 132. Plaintiff, Covertech Fabricating, Inc., opposes the motion. ECF No. 141. For the reasons that follow, the Court **DENIES** Defendant TVM Building Products, Inc.'s Motion for Stay of Execution Pursuant to FRCP 62(b) and Waiver of Bond.

### II. JURISDICTION AND VENUE

The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332(a)(2) and (c)(1) because the parties are of diverse citizenship and the amount in controversy exceeds $75,000, excluding interest and costs. ECF No. 1 at 5. The Court also has subject matter jurisdiction over the claims pursuant to 28 U.S.C. §§ 1331, 1338(b), and 15 U.S.C. § 1121, because this action involves claims for infringement of a federally-registered trademark in violation of Section 32 of the Lanham Act, 15 U.S.C. §

1

1114; for federal unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. 1125(a); and for dilution of a federally-registered trademark in violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c). The Court also exercises supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because they form part of the same "case or controversy" under Article III of the United States Constitution.

Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1), because TVM is subject to personal jurisdiction here under 28 U.S.C. § 1391(b)(2), and because a substantial part of the events or omissions giving rise to the claims arose in the Western District of Pennsylvania.

### III. BACKGROUND[1]

The Court held a bench trial from October 20, 2014, through October 24, 2014. After the parties filed proposed findings of fact and conclusions of law, and responses thereto, the Court issued a Memorandum Opinion and Order ("**Opinion**") on August 15, 2015. ECF No. 104. In the Opinion, the Court held that Defendant TVM Products (i) willfully infringed Plaintiff Covertech Fabricating's rFOIL and CONCRETE BARRIER trademarks and engaged in unfair competition by improperly using Covertech's ULTRA CONCRETE UNDERPAD, CONCRETE UNDERPAD, and ULTRA NT RADIANT BARRIER marks, (ii) committed fraud on the United States Patent and

---

[1] The Court detailed the factual and procedural background of this case in its Memorandum and Order dated August 14, 2015. ECF. No. 104. Because familiarity with that Memorandum and Order is presumed, this section is limited to the facts relevant to the disposition of the instant motion.

Trademark Office ("**PTO**") by making materially false statements in connection with its registration of the ULTRA NT RADIANT BARRIER mark, and (iii) breached its contract with Covertech for failing to pay invoices. *Id*. The Court ordered TVM to pay damages to Covertech in the amount of $4,761,319. *Id*. Further, the Court held in favor of Covertech on each of TVM's counterclaims for declaratory judgment, breach of contract, unjust enrichment, misappropriation, fraudulent concealment, trademark infringement, and fraud on the PTO. *Id*. On September 15, 2015, Covertech obtained a Writ of Execution against TVM. ECF No. 119.

TVM filed a Motion for Amended and Additional Findings Pursuant to FRCP 52(b), For Altered and Amended Judgment Pursuant to FRCP 59(c) and For New Trial Pursuant to FRCP 59(a), which the Court denied on November 4, 2015. ECF Nos. 116 and 139.

TVM filed the instant motion on October 15, 2015, while its Motion for Amended and Additional Findings Pursuant to FRCP 52(b), For Altered and Amended Judgment Pursuant to FRCP 59(c) and For New Trial Pursuant to FRCP 59(a), was pending. ECF No. 132. Covertech filed its opposition to the instant motion on November 9, 2015. ECF No. 141.

For the reasons stated below, the Court will deny TVM's Motion for Stay of Execution and Waiver of Bond.

## IV. LEGAL STANDARD

Federal Rule of Civil Procedure 62(b) provides:

On appropriate terms for the opposing party's security, the court may stay the execution of a judgment—or any proceedings to enforce it—pending the disposition of any of the following motions:
     (1) under Rule 50, for judgment as a matter of law;
     (2) under Rule 52(b), to amend the findings or for additional findings;
     (3) under Rule 59, for a new trial or to alter or amend a judgment; or
     (4) under Rule 60, for relief from a judgment or order.

Fed.R.Civ.P. 62(b).

When the Court has ruled on the moving party's post-trial motion(s), the motion for stay pursuant to Rule 62(b) may be denied as moot. *See Fallowfield Dev. Corp. v. Strunk*, 1993 WL 133326, at *5 (E.D.Pa. April 27, 1993) (denying as moot the Defendants' Motion to Stay Execution of Judgment pursuant to Rule 62(b) after it had denied the Defendants' motions for post-judgment relief and reconsideration pursuant to Rules 50, 59, and 60), *Argue v. David Davis Enters., Inc.*, 2009 WL 750197, at *34 (E.D. Pa. March 20, 2009) (denying as moot Defendant's Motion to Stay Execution of Judgment after ruling on post-trial motions).

To obtain a stay pursuant to Rule 62(b) the moving party must demonstrate that the following four factors weigh in its favor: (i) the movant's likelihood of success on the merits of the post-trial motion(s); (ii) whether the movant will be irreparably injured absent a stay; (iii) whether the non-moving party will be substantially injured by the

stay; and (iv) whether granting the stay will serve the public interest. *Supinski v. United Parcel Serv., Inc.*, 2012 WL 2017936, at *1 n.2 (M.D.Pa. June 5, 2012; *Sabatini v. Its Amore Corp.*, 2009 WL 3878245, at *2 (M.D.Pa. Nov. 19, 2009) (citing *Johnston v. School. Dist. Of Phila.*, 2006 WL 563003, at *1 (E.D.Pa.)) (internal quotations omitted).

"Rule 62 taken in its entirety, indicates a policy against any unsecured stay of execution after the expiration of the time for filing post-trial motions." *Gallatin Fuels v. Westchester Fire Ins. Co.*, 2006 WL 952203, at *2 (W.D.Pa. April 12, 2006) (quoting *Kinnel v. Mid-Atlantic Mausoleums, Inc.*, Civ. A. No. 86-6634, 1987 WL 14507, at *4 (E.D.Pa. July 24, 1987)) (internal quotations omitted). In determining whether to exercise its discretion to order an unsecured stay, "the court should consider the movant's justification for granting a stay without security, as well as the movant's financial position, including whether the movant has shown whether posting a bond or otherwise providing adequate security is impossible or impractical." *Gallatin Fuels*, 2012 WL 952203, at *2.

## V. DISCUSSION

The Court concludes that granting an unsecured stay of execution would be error for two main reasons.

First, the Court denied TVM's Motion for Amended and Additional Findings Pursuant to FRCP 52(b), for Altered and Amended Judgment Pursuant to FRCP 59(e), and for New Trial Pursuant to FRCP 54(a) on November 4, 2015. ECF No. 139. The

5

Court thus no longer has a basis upon which to grant a stay pursuant to Rule 62(b), as none of the enumerated motions remain pending in this case. Fed. R. Civ. P. 62(b). *See Argue*, 2009 WL 750197, at *34.

Second, TVM has failed to demonstrate that a stay is warranted on the merits. The first factor the court considers assesses the likelihood that TVM will succeed on its post-trial motions. The Court's Memorandum Decision and Order denying TVM's motion for post-judgment relief demonstrates that TVM is not likely to succeed on the merits of its post-trial motions. *See* ECF No. 139. The first factor for consideration thus weighs against TVM.

The second factor asks whether TVM will suffer irreparable injury if the stay is denied. Although TVM claims that it will suffer irreparable harm if the stay is denied, it has failed to provide any support for this assertion. *See* ECF No. 133 at 7-8. TVM cites to a Declaration of Michael Boulding and "financial documents attached thereto," but as of the date of this Memorandum Opinion, TVM has not filed any such declaration or documentation, even after the Court granted its Motion for Leave to File Entire Document Under Seal Without Redaction on November 5, 2015. ECF No. 133 at 7-8; ECF No. 140. The second factor for consideration thus weighs against a stay of execution.

The third and fourth factors require the Court to consider whether Covertech will suffer substantial injury if the stay is granted, and whether granting the stay will

cause harm to the public interest. Each party advances arguments as to why these factors weigh in its favor. TVM argues that Covertech will not be harmed by the granting of a stay as it would only delay efforts to collect damages, which would be "alleviated as the *status quo* is maintained through the imposition of post-judgment interest." ECF No. 133 at 8. TVM argues that the granting of a stay will not harm the public interest because "TVM did not oppose Covertech's request for the entry of permanent injunction regarding the use of the marks" and has already changed its product names. *Id.* at 8. Covertech argues that it will be substantially harmed by an unsecured stay because it will be "left with no assurance that TVM's current financial state will be maintained." ECF No. 141 at 5. It argues that the public interest will not be served by granting a stay because the public has an interest in the enforcement of judgments. *Id.* at 6. The Court finds that these two factors do not weigh strongly in favor of either party. Given that the first two factors weigh strongly against TVM's request for a stay, however, the Court concludes that granting a stay pursuant to Rule 62(b) would be error in this case.

Having determined that a stay is not warranted in this case, the Court need not address the question of whether it should exercise its discretion to waive the bond requirement. The Court thus denies TVM's Motion for Stay of Execution Pursuant to FRCP 62(b) and Waiver of Bond. ECF No. 133.

## VI. CONCLUSION

For the reasons stated above, the Defendant TVM Building Products, Inc.'s Motion for Stay of Execution Pursuant to FRCP 62(b) and Waiver of Bond (ECF No. 132) is denied.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| COVERTECH FABRICATING, INC., | ) | |
|---|---|---|
| | ) | CIVIL ACTION NO. 3:13-150 |
| Plaintiff, | ) | |
| | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| | ) | |
| TVM BUILDING PRODUCTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

AND NOW, this 18th day of November, 2015, the Court having considered Defendant's Motion for Stay of Execution Pursuant to FRCP 62(b) and Waiver of Bond (ECF No. 132), **IS HEREBY ORDERED** that the motion is **DENIED**.

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE